Aziz SAFOUANE; Sarah Safouane, individually and as personal representatives of the Estate of Mohammed Azim Safouane; Moussa Safouane;

Nadia Safouane; Morocco Issa Safouane; Malaika Rabia Safouane, Minor Children; Mohammed Azim Safouane, Estate of minor children, Plaintiffs—Appellants,

v.

KING COUNTY, a Washington municipal corporation; Kristin Richardson, individually and in her capacity as Senior Deputy Prosecuting Atty; Terri Haddix, individually and in her capacity as former Asst King Cty Medical Examiner; Donald Reay, Individually and in his capacity as Chief King Cty Medical Examiner; Richard Harruff, individually and in his capacity as Asst King Cty Medical Examiner; Kathleen Decker, individually and in her capacity as King Cty Police Detective; Susan Peters, individually and in her capacity as King Cty Police Detective; City of Seattle, a Washington municipal corporation; Sally Haubert, individually and in her capacity as Seattle Police Community Svcs Officer; jointly and severally, Defendants—Appellees,

No. 00–35134.

D.C. No. CV–97–01566–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2001 *.

Decided Nov. 7, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

PER CURIAM.

The Safouanes' claims fail because the defendants are immune from suit.

■ The prosecuting attorney had absolute immunity from civil liability in connection with the filing of a criminal charge, because she was performing the traditional functions of a prosecutor, notwithstanding allegations of negligence, improper motive, or lack of probable cause.[1]

■ Likewise, the detectives are entitled to immunity. Because they reasonably believed that probable cause existed, they are entitled to qualified immunity, even if they were mistaken, so long as their conclusion was objectively reasonable.[2] Here, the Safouanes have presented no evidence that probable cause did not exist or that the officers acted improperly.

■ The medical examiners are likewise entitled to immunity. The Safouanes' state law claims are barred by state statutory immunity.[3] As to the federal claims, under *Harlow v. Fitzgerald*, an official is entitled to qualified immunity when his or her conduct does not violate a clearly established statutory or constitutional right of which a reasonable person should have been aware.[4] The Safouanes' right to prohibit a statutorily mandated autopsy[5] was

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *See Imbler v. Pachtman*, 424 U.S. 409, 427–29, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

2. *Anderson v. Creighton*, 483 U.S. 635, 638–39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

3. *See* RCW 68.50.015.

4. 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

5. *See* RCW 68.50.010.

not clearly established. Moreover, the Supreme Court has held that generally applicable, religion-neutral statutes need not be justified by a compelling state interest.[6]

■ Likewise, the social worker is entitled to qualified immunity, because her conduct did not violate a clearly established statutory or constitutional right of which a reasonable person should have been aware.[7] Washington State law required the social worker to report the children's statements,[8] and there is no evidence that she did so untruthfully.

■ The district court properly dismissed the Safouanes' claims against King County and the City of Seattle. A lawsuit against a governmental entity pursuant to § 1983 cannot be based on vicarious liability alone.[9] Rather, the local government can be held liable only when a governmental policy or custom directly causes the alleged constitutional violation.[10] The Safouanes have presented no evidence of a policy or practice that directly caused the alleged constitutional violation.

Because the defendants are immune from this lawsuit, and because the Safouanes have offered no evidence that would abrogate immunity, the district court properly dismissed the Safouanes' claims.

AFFIRMED.

---

6. *See Employment Division, Dept. of Human Resources v. Smith*, 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990).

7. *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727.

8. RCW 26.44.030.

9. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86, 109 S.Ct. 1197, 103 L.Ed.2d 412

(1989); *see also Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690–92, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

10. *City of Canton, Ohio*, 489 U.S. at 385, 109 S.Ct. 1197.

